DIXIE

FILED
AT ALBUQUERQUE NM
DEC 2 2 1998

ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

BARNABE RODRIGUEZ-TORRES

Defendant.

No. CIV-98-1193 JC/LCS
CR-96-78 JC

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's response to the order entered October 22, 1998, which required that Defendant show cause why his motion under 28 U.S.C. § 2255 should not be dismissed as untimely filed. Defendant's response appears to concede that the motion was filed more than a year after his conviction became final, but he argues that the motion is timely under certain statutory language which allows restarting the limitation period. The pertinent language provides, "The limitation period shall run from ... the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."[1] 28 U.S.C. § 2255. Defendant alleges that he has taken a polygraph test which demonstrates his innocence, but that he is unable to "obtain affidavits from principals in this drug conspiracy" to corroborate the polygraph results. He seeks an evidentiary hearing and compulsory process to obtain testimony of unwilling witnesses.

Defendant's response does not establish the motion's timeliness under § 2255. Although

---

[1] Defendant mistakenly relies on the "newly discovered evidence" language in § 2255 which only provides grounds for allowing a second or successive motion. 28 U.S.C. § 2255.

the Tenth Circuit apparently has not ruled on the specific claim, the clear weight of authority precludes the argument that a post-conviction polygraph test allows reopening a final criminal conviction. "[T]he result of a polygraph test of the defendant himself hardly qualifies as evidence newly discovered since the trial or as evidence not earlier available by the exercise of proper diligence. The defendant at all times was at hand to assist his own cause." *McCroskey v. United States*, 339 F.2d 895, 897 (8th Cir. 1965); *see also Banks v. United States*, 531 F.2d 1336 (5th Cir. 1976) (same); *cf. United States v. Hughes*, 33 F.3d 1248, 1253 (10th Cir. 1994) ("a new trial is not warranted if the new evidence is such that, with reasonable diligence, it could have been discovered and produced at the original trial."). Because both the polygraph test and witness testimony were available at the time of Defendant's guilty plea, neither allows Defendant to bring his § 2255 motion at this time under the "new facts exception" to the statutory limitation period. Defendant is not entitled to relief, Rule 4(b) Governing Section 2255 Proceedings, and the motion will be denied.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed October 1, 1998 is DISMISSED, and this civil proceeding is DISMISSED.

UNITED STATES DISTRICT JUDGE

2